# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Luis A. Castro,<br><br>　　　Petitioner<br><br>v.<br><br>State of Nevada, *et al.*,<br><br>　　　Respondents | Case No.: 2:24-cv-00389-APG-DJA<br><br>**Order Granting Motion for Leave to File Second-Amended Petition**<br><br>[ECF No. 15] |

28 U.S.C. § 2254 habeas corpus petitioner Luis A. Castro challenges his conviction pursuant to a guilty plea of first-degree kidnapping resulting in substantial bodily harm. ECF No. 13. He was sentenced to life in prison without the possibility of parole. His claims include that the trial court erred by failing to correct his presentence investigation report and failing to apply credit for time served and that his sentence amounts to cruel and unusual punishment. Castro has also filed a motion for leave to file a second-amended petition. ECF No. 15. The court concludes that good cause exists and grants the motion under Federal Rule of Civil Procedure 15(a).

　　I.　　**Background**

Castro dispatched his original, *pro se* habeas petition in February 2024. ECF No. 8. Because it appeared that at least some of his legal claims may be complex and because he is serving life in prison without parole, the court granted his motion for counsel and appointed the Federal Public Defender ("FPD"). ECF No. 7. Castro filed a first-amended petition through the FPD in July 2024. ECF No. 13. He contemporaneously filed a motion for leave to file a second-amended petition. ECF No. 15. The respondents opposed the motion, and Castro replied. ECF Nos. 16, 17.

## II. Legal Standard & Analysis

Under Federal Rule of Civil Procedure 15(a)(2), a party may amend a pleading with the court's leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (internal quotations omitted). Although leave to amend is within the discretion of the district court, the decision "should be guided by the underlying purpose of Rule 15(a) . . . which was to facilitate decisions on the merits, rather than on technicalities or pleadings." *In re Morris*, 363 F.3d 891, 894 (9th Cir. 2004) (internal quotations omitted). When deciding whether to grant leave, a court may "take into consideration such factors as bad faith, undue delay, prejudice to the opposing party, futility of the amendment, and whether the party has previously amended his pleadings." *Id*. Futility of amendment can alone justify denying a motion for leave to amend. *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

In the motion for leave to file a second-amended petition, counsel for Castro explains that she filed the first-amended petition to timely preserve all possible claims that she has identified thus far. ECF No. 15. She states that she needs additional time to review the lengthy record and prior counsel file and to conduct additional research and investigation. The FPD argues that she acted diligently by filing a first-amended petition within the limitations period, and she does not seek leave to amend out of bad faith or to cause undue delay. In their opposition, the respondents argue that Castro failed to comply with local rules because he seeks leave to amend without attaching a proposed amended petition. ECF No. 16. They also argue that granting leave to add new potentially untimely and unexhausted claims would be futile.

Castro is correct that courts in this district have allowed counseled federal habeas litigants to file a counseled petition within the limitations period and then set a deadline for a counseled operative petition following further investigation. The court concludes that justice is best served by granting leave to file a second-amended petition. Castro is not acting in bad faith or solely for the purpose of delay, and the respondents do not argue that they will suffer prejudice. The court expresses no views on the timeliness of any claims or any other possible applicable procedural bars.

III. **Conclusion**

I THEREFORE ORDER that the petitioner's motion for leave to file a second-amended petition [ECF No. 15] is granted. The petitioner must file a second-amended petition within 60 days of the date of this order. Further briefing deadlines remain governed by the scheduling order at ECF No. 12.

I FURTHER ORDER that the respondents' motion for extension of time to file a response to the first-amended petition [ECF No. 18] is denied as moot.

DATED 22nd day of October, 2024.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE