# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Luis A. Castro,

      Petitioner

v.

State of Nevada, *et al.*,

      Respondents

Case No.: 2:24-cv-00389-APG-DJA

**Order Denying Petitioner's Motions for Discovery and Motion to Modify Scheduling Order and Granting the Respondents' Motion to Seal and Motion to Extend**

[ECF Nos. 28, 36, 42, 46, 50]

Petitioner Luis A. Castro moves for leave to conduct discovery, requesting an order allowing him to conduct a deposition of a proffered alibi witness and authorization to obtain records. ECF Nos. 28, 36.  In addition, Castro moves to modify the scheduling order by vacating the deadline to oppose Respondents' motion to dismiss until after a ruling on Castro's discovery motions. ECF No. 50.  For the reasons discussed below, I deny Castro's motions for discovery and motion to modify scheduling order.  I grant the respondents' motion to seal and motion to extend.

## I.    Background

The State charged Castro, along with three co-defendants, with eight counts associated with the kidnapping and attempted murder of the victim. ECF No. 43-9.  Castro challenges a 2019 conviction pursuant to a guilty plea for one count of first-degree kidnapping resulting in substantial bodily harm. ECF No. 43-36.  The state court sentenced Castro to life without the possibility of parole. ECF No. 14-1.  The Nevada Court of Appeals affirmed the conviction on direct appeal. ECF No. 14-5.

Castro filed a state habeas petition, and the state district court denied postconviction

relief. ECF No. 14-11.  The Nevada Court of Appeals affirmed in part and reversed in part, instructing the state district court to conduct an evidentiary hearing on an ineffective assistance of counsel claim on remand. ECF No. 14-16.  Following an evidentiary hearing, the state district court denied relief and the Nevada Court of Appeal affirmed the denial of relief. ECF Nos. 45-15, 14-22.

Castro initiated this federal habeas corpus proceeding *pro se*. ECF No. 1-1.  Following the appointment of counsel, Castro filed a first and second amended petition. ECF Nos. 13, 33. Castro filed a motion for leave to conduct discovery requesting an order allowing him to conduct a deposition of an alibi witness, Jerome Kroeger (Kroeger). ECF No. 28.  Castro asserts that he was with Kroeger when his co-defendants took violent actions against the victim. *Id.* at 2.  He further contends that the State potentially knew about Kroeger, but did not disclose that information to the defense. *Id.*  Castro filed a second motion for leave to conduct discovery, requesting an order granting leave to subpoena (a) the Las Vegas Metropolitan Police Department (LVMPD) for any and all records related to this case, (b) the Clark County District Attorney's (CCDA) Office for any and all records and evidence related to case, and (c) LVMPD and CCDA for any and all records relating to contact with Kroeger. ECF No. 36.

Respondents move to dismiss the second amended petition as untimely, unexhausted, procedurally barred, and not cognizable. ECF No. 49.  Castro moves to vacate the deadline to oppose Respondents' motion to dismiss until after a ruling on the discovery motions. ECF No. 50.  He asserts that although he agrees that Claim 3, a *Brady*[1] claim, is unexhausted, the discovery requests would support his argument that Claim 3 is timely under 28 U.S.C. § 2244(d)(1)(D), which provides that a claim is timely if raised within one year of "the date on

---

[1] *Brady v. Maryland*, 373 U.S. 83 (1963).

which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."  Castro intends to exhaust Claim 3 in state court but hopes to first obtain discovery relevant to his claim to ensure that he is able to include any newly developed evidence in his state court exhaustion petition.

**II.     Discussion**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997); *Earp v. Davis*, 881 F.3d 1135, 1142 (9th Cir. 2018).  However, Rule 6(a) of the Rules Governing Section 2254 Cases provides: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  To determine whether a petitioner has established "good cause" for discovery, the court identifies the essential elements of the substantive claim and analyzes whether "specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate" entitlement to relief.  *Bracy*, 520 U.S. at 908–09; *Roseberry v. Ryan*, 289 F. Supp. 3d 1029, 1034 (D. Ariz. 2018).

The Ninth Circuit has admonished courts not to permit a "fishing expedition" in habeas discovery. *Earp v. Davis*, 881 F.3d at 1144 (affirming district court's denial of further discovery where petitioner's allegations were "too attenuated and too speculative" to make a plausible showing); *Calderon v. U.S. Dist. Court for the N. Dist. of Cal.*, 98 F.3d 1102, 1106 (9th Cir. 1996) ("[C]ourts should not allow prisoners to use federal discovery for fishing expeditions to investigate mere speculation.").

The respondents argue that Castro's discovery requests are premature, that Castro is not entitled to discovery because he was not diligent in state court and that Castro fails to

demonstrate good cause.  Castro acknowledges that he will need to exhaust his *Brady* claim in state court but asserts that addressing the discovery issue now will ensure that he presents all the evidence regarding the claim to the state court. ECF No. at 38 at 2.  Castro provides that following the completion of discovery, he intends to request a stay of the case to exhaust any new claims in state court. *Id*. at 7.  He further asserts that even acting with reasonable diligence, he could not previously develop the evidence in state court. *Id*. at 6.

I find that Castro is not entitled to discovery in support of his unexhausted claim. *See Calderon*, 120 F.3d at 928 (finding that district court's grant of discovery was "inappropriate" when habeas petition contained unexhausted claims).  "The state court is the appropriate forum for resolution of factual issues in the first instance, and creating incentives for the deferral of factfinding to later federal-court proceedings can only degrade the accuracy and efficiency of judicial proceedings." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 9 (1992), *superseded by statute as stated in Williams v. Taylor*, 529 U.S. 362 (2000).  I conclude that granting discovery in this action is premature.

Neither party disputes that Claim 3 is unexhausted because the claim has never been presented to any state court.  As acknowledged by Castro, the Nevada state court recognizes good cause to excuse a claim, such as a *Brady* claim, in which Castro could not have known the facts during the earlier proceeding. ECF No. 38 at 7.  In addition, petitioners in state court may conduct discovery with the permission of the state court.  Castro also acknowledges that he will nonetheless need to exhaust his claim in state court.  So regardless of whether I grant discovery, the state court will have to assess the merits of Castro's unexhausted claim.  Under these circumstances, Castro should seek leave to conduct discovery in state court.

I, therefore, deny Castro's motions for discovery.  In addition, I deny Castro's motion to modify the scheduling order.  Castro will have 30 days from the date of this order to either file an opposition to the respondents' motion to dismiss or to seek other relief, such as a motion for stay and abeyance.

**III.     Motion to Seal**

The respondents seek leave to file under seal (ECF No. 46): Exhibit 38, Petitioner's Presentence Investigation Report ("PSI") (ECF No. 47-1). Under Nevada law, the PSI is "confidential and must not be made a part of any public record." Nev. Rev. Stat. § 176.156(5).

Having reviewed and considered the matter in accordance with *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and its progeny, I find that a compelling need to protect the petitioner's safety, privacy, and/or personal identifying information outweighs the public interest in open access to court records.  The respondents' motion to seal is granted and Exhibit 38 is considered properly filed under seal.

**IV.     Motion to Extend**

The respondents seek an extension of time to file their response to the second amended petition. ECF No. 42.  I find that the request is made in good faith and not solely for the purpose of delay, and therefore, good cause exists to grant the motion.

**V.     Conclusion**

I THEREFORE ORDER:

1.  Petitioner Luis A. Castro's emergency motion for leave to conduct discovery (ECF No. 28) and second motion for leave to conduct discovery (ECF No. 36) are denied.

2.  Petitioner's motion to modify scheduling order (ECF No. 50) is denied.  Castro will have 30 days from the date of this order to either file an opposition to the

respondents' motion to dismiss or to seek other relief, such as a motion for stay and abeyance.

3.  Respondents' motion to seal (ECF No. 46) is granted. Exhibit 38 is considered properly filed under seal.

4.  Respondents' motion to extend (ECF No. 42) is granted *nunc pro tunc*.

DATED this 10th day of January, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE